383 So.2d 976 (1980)
James I. TILDEN, Appellant,
v.
Diane Tilden LOCKE, Appellee.
No. 80-65.
District Court of Appeal of Florida, Third District.
May 27, 1980.
*977 Marsha B. Elser, Melvyn B. Frumkes, Miami, for appellant.
No Appearance, for appellee.
Before HENDRY and BASKIN, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
BASKIN, Judge.
The father seeks review of an order temporarily allowing the mother to retain custody of the minor child of the parties. The matter was heard on the father's petition for writ of habeas corpus, and the trial judge entered an order stating in part:
ORDERED AND ADJUDGED that the minor, Jimmy Tilden shall visit the father, James Tilden and wife until 5 P.M. Sunday, December 9, 1979, at which time the child shall be returned to the mother... .
This order has been agreed to by all parties.
A further hearing on custody shall take place at a future date before this court.
The father contends that the trial judge erred in failing to enforce the New York decree and that the order permitting visitation by the father actually modified custody from the father to the mother without pleadings or notice. We agree and reverse.[1]
After contested custody proceedings in New York, the father was awarded custody of Jimmy, age seven. The mother then ran off with the child. The Supreme Court of New York then directed the mother to surrender the child to the custody of the father. The mother was found in Florida where the father filed a petition for writ of habeas corpus. At the conclusion of the hearing, the trial court entered the order in contention and indicated that it would conduct a further hearing on the question of custody, but would not be inclined to change custody from the father to the mother without a showing of circumstances requiring such a change. We believe the trial court erred when it required the child to be returned to the mother at the conclusion of his visit with the father, contrary to the New York order. The effect of the trial court's order was to modify custody from the father to the mother without appropriate notice, pleadings, or factual predicate. Barreiro v. Barreiro, 377 So.2d 999 (Fla. 3d DCA 1979); Matthews v. Matthews, 376 So.2d 484 (Fla. 3d DCA 1979).
Florida courts are required to recognize and enforce out-of-state custody decrees. Trujillo v. Trujillo, 378 So.2d 812 (Fla. 3d DCA 1979); Uniform Child Custody Jurisdiction Act, § 61.1328, Fla. Stat. (1977).
Reversed and remanded for further proceedings in accordance with this opinion.
NOTES
[1] The mother has not responded to the father's appellate proceedings.