SCHWARTZ, Judge.
In Tilden v. Locke, 383 So.2d 976 (Fla. 3d DCA 1980), we reversed a December 7,1979 order of the trial court which required the appellant-father to return the parties’ child to the appellee-mother after a short “visitation” which was to end on December 9. This appeal challenges a December 11, 1979 final order which granted permanent custody to the mother.[1] For the reasons stated in and on the authority of Tilden v. Locke, supra, the order under review is likewise .reversed and the cause remanded with directions to enter judgment summarily enforcing the New York State Supreme Court award of custody to the father.
Reversed and remanded.

. Contrary to the trial court’s statement at the earlier hearing that it would not be inclined to change permanent custody without a showing of a change of circumstances, no such evidence was presented prior to the entry of the December 11 order now before us. It is evident that it was entered because the father, in direct violation of the December 9 order, which was neither stayed nor superseded, did not return the boy to his mother, instead returned to New York with the child and was not present before the court on December 11. While we condemn the appellant’s defiance of the lower court, neither can we approve the use of a child custody award in this fashion as a means of punishing a parent. See Brooks v. Brooks, 20 Or.App. 43, 530 P.2d 547 (1975).