415 So.2d 259 (1982)
Janice Ellen Muller BUCHANAN, Plaintiff-Appellee,
v.
Billy Joseph MALONE, Defendant-Appellant.
No. 14850.
Court of Appeal of Louisiana, Second Circuit.
April 5, 1982.
*260 Settle & Nesbitt by B. Woodrow Nesbitt, Jr., Shreveport, for defendant-appellant.
Pringle & Herzog by R. Perry Pringle, Shreveport, for plaintiff-appellee.
Before PRICE, MARVIN and SEXTON, JJ.
PRICE, Judge.
In this case of first impression under the Uniform Child Custody Jurisdiction Act (La.R.S. 13:1700 et seq.), the main issue to be decided is whether the trial court erred in refusing to convert a habeas corpus proceeding into a hearing on the merits for a change of custody. Based upon a valid foreign custody decree, the court granted the writ and ordered the children returned to the nonresident custodial parent. We affirm.
*261 On June 28, 1979, Janice Ellen Malone (now Buchanan) obtained a separation in this state from her then husband, Billy Joseph Malone. Custody of the two children was granted to the mother.
Subsequently the mother and children moved to the state of Washington, where, on February 1, 1980, she was granted a divorce and custody of the children. Thereafter, the mother remarried and continued to reside in Washington with her children and new husband.
Pursuant to a mutual agreement, the children were permitted to visit their father in Louisiana from July 12 to August 30, 1981. During this period the father informed the mother that he did not intend to return the children to her custody. On September 1, 1981, the father filed suit to modify the foreign custody decree, praying that he be granted permanent custody of the children.
On September 3, 1981, the mother instituted this habeas corpus proceeding, seeking enforcement of the Washington decree and a return of the children to her custody. On September 11, 1981, at the hearing on the writ, the father filed an answer and motion in open court, seeking a conversion of the habeas corpus proceeding into a determination on the merits of the change of custody matter.
After an evidentiary hearing limited solely to a determination of how the children came to be in Louisiana, the court denied the father's motion. Having found the father wrongfully refused to return the children after their summer visitation in this state, the court concluded that allowing a trial of the change of custody issue in this habeas corpus proceeding would contravene the purpose of the Uniform Child Custody Jurisdiction Act. The court further noted that such a ruling would not impair the father's rights since the earlier suit he filed seeking modification of the custody decree was still pending. Furthermore, the court found that forcing the mother to litigate the custody issue in the habeas corpus proceeding would deprive her of proper notice and a reasonable opportunity to present witnesses on her behalf.
After denying the father's motion, a limited hearing was held on the writ of habeas corpus. Therein it was established that the mother was awarded custody by a valid Washington decree, a certified copy of which was filed into evidence. Upon the conclusion of the hearing, the court ordered the father to return the children and all of their possessions to the custody of the mother.
On appeal, the father assigns as error the trial court's denial of his motion to convert the habeas corpus proceeding. Relying on a line of cases exemplified by Wood v. Beard, 290 So.2d 675 (La.1974), he contends that it is appropriate for the trial court to determine the fitness of the custodial parent when this issue is raised in response to a writ of habeas corpus.
While the cited jurisprudence does stand for the proposition advocated by the father, we note that the cases relied upon were decided prior to Louisiana's adoption of the Uniform Child Custody Jurisdiction Act. To the extent these cases conflict with the act, they must be considered legislatively overruled.
La.R.S. 13:1714[1], provides that a foreign custody decree may be filed with *262 the clerk of any district court or family court of this state. A decree so filed shall be enforced in a like manner as a custody decree rendered by a Louisiana court. La. C.C.P. Art. 2592 provides that summary proceedings may be used for the original granting of, or a subsequent change in child custody. Thus it is apparent that a writ of habeas corpus is appropriate to enforce a foreign custody decree under the Uniform Child Custody Jurisdiction Act. In accord with this position is Slidell v. Valentine, 298 N.W.2d 599 (Iowa 1980), where the court held that a habeas corpus proceeding is a "custody proceeding" for the purpose of implementing the Uniform Child Custody Jurisdiction Act. See also 9 U.L.A. Master Edition, Uniform Child Custody Jurisdiction Act § 2(3), Commissioners' Note at p. 120.
However, the question still remains whether a habeas corpus proceeding instituted to enforce a foreign custody decree may be expanded by the opposing party to litigate a request for modification of that decree. La.R.S. 13:1714 is identical to Section 15 of the model Uniform Child Custody Jurisdiction Act. The Commissioners' Note to Section 15 states that "the authority to enforce an out-of-state decree does not include the power to modify it. If modification is desired, the petition must be directed to the court which has jurisdiction to modify under Section 14."
Section 14 of the model uniform act is identical to La.R.S. 13:1713, which provides that:
A. If a court of another state has made a custody decree, a court of this state shall not modify that decree unless it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this Part or has declined to assume jurisdiction to modify the decree and the court of this state has jurisdiction.
B. If a court of this state is authorized under Subsection A of this Section and Section 1707 to modify a custody decree of another state it shall give due consideration to the transcript of the record and other documents of all previous proceedings submitted to it in accordance with Section 1721.
Thus a study of the relevant statutes indicates that a habeas corpus proceeding instituted under La.R.S. 13:1714 to enforce a foreign custody decree may be expanded to modify that decree only if the court would also have the necessary jurisdiction under La.R.S. 13:1713. Furthermore, La. R.S. 13:1713(B) indicates that the court may decline to exercise this jurisdiction under La.R.S. 13:1707[2] due to the conduct of the party seeking modification of the custody decree.
In the absence of jurisprudence in this state sufficiently analogous to the question before us, we find it appropriate to refer to *263 the appellate decisions of other states which have adopted the Uniform Child Custody Jurisdiction Act.
In Barcus v. Barcus, 278 N.W.2d 646 (Iowa 1979), the court was faced with substantially the same issues under the uniform act as presented here. In that case, the child's half-sister obtained an ex parte order from an Illinois court appointing her guardian of the child upon the death of the mother. On that same date, the child's father obtained an ex parte order from an Iowa court granting him custody of the child.
Later, the father initiated three separate actions in the Illinois court. One was a petition to register his custody order as a foreign decree; another was a petition to vacate the guardianship order; and the third was a petition for writ of habeas corpus in which he requested custody of the child.
All three of the Illinois actions were consolidated in a single proceeding. After a hearing the Illinois court ruled that the half-sister should retain temporary custody of the child until a hearing on the merits of the custody issue was held. The court also ordered that the father be granted an eleven day visitation period with the child. The father then removed the child to Iowa and did not return him to Illinois.
Subsequently, the half-sister went to Iowa and instituted a habeas corpus action, seeking enforcement of the Illinois guardianship order. In his answer, the father denied the legality of the Illinois guardianship order, asserted his right to custody based on his Iowa custody order, and alleged the child's best interests required that he be awarded custody.
At the hearing on the Iowa habeas corpus action, the half-sister requested that the court refuse to exercise jurisdiction to adjudicate the merits of the custody dispute. After hearing the evidence, the trial court granted the request and sustained the writ of habeas corpus, ordering the child returned to her custody pending trial of the custody issue in Illinois.
The Iowa Supreme Court affirmed the trial court's decision to decline jurisdiction over the merits of the custody matter. First, the court determined that by filing an answer to the habeas corpus action in which he requested custody of the child, the father became a "petitioner" for custody within the meaning of the act. Secondly, the court found that two provisions of the uniform act allowed the court to decline the exercise of jurisdiction over the merits. As relevant to our discussion, the Iowa Supreme Court found the trial court did not abuse its discretion in refusing to exercise jurisdiction based upon the improper conduct of the father.
The Iowa Supreme Court distinguished between the use of a habeas corpus action to decide the merits of a custody dispute and to enforce a foreign decree under the uniform act. The Supreme Court held that a trial court need not try the merits of custody disputes in all cases. The effect of applying the uniform act in that case was to narrow the scope of the habeas corpus inquiry. Once the trial court refused to decide the merits of the custody dispute, it still had the prerogative and duty to determine whether to enforce the foreign custody decree.
In Tilden v. Locke, 383 So.2d 976 (Fla. 3d D.C.A. 1980), the father instituted a habeas corpus proceeding in Florida to enforce a New York custody decree under the Uniform Child Custody Jurisdiction Act. After a hearing, the trial court issued an order which effectively modified the New York decree pending further adjudication. The court of appeal reversed, finding that such a modification of a custody decree is not proper without appropriate notice, pleadings, or factual predicate.
After giving the matter careful consideration, we find that under some limited circumstances a trial court has the authority to consider a request for modification of a foreign custody decree in response to a habeas corpus proceeding brought to enforce the decree under La.R.S. 13:1714. However, before such a determination can be made, it is necessary that an independent *264 jurisdictional basis exist, as provided by the uniform act. Even then the contestants must be given reasonable notice and an opportunity to be heard (La.R.S. 13:1703). In no case should a party be allowed to convert such a proceeding into a trial on the merits of the custody dispute if to do so would subvert the intent of the Uniform Child Custody Jurisdiction Act. See La. R.S. 13:1700.
In the instant case, the trial court found that the father improperly retained the children after the agreed upon visitation. Under La.R.S. 13:1707(B), the court had the discretion to decline the exercise of its jurisdiction to modify the foreign custody decree. Since the trial court properly exercised its discretion, we need not decide whether the court may have otherwise conducted a hearing on the merits under the above described criterion.
The father further contends on appeal that the court erred in also ordering the return of the children's clothes and other possessions to the mother. The father alleges that certain clothing worn by the children was necessary evidence in his pending action to modify the foreign custody decree. When this issue was raised in the trial court, the father was allowed several hours in which to photograph the relevant clothing and preserve his evidence. In our view, a photograph of the clothing was an adequate substitute for the actual physical evidence. In this regard, the trial court did not abuse its discretion.
For the reasons assigned, the judgment of the trial court is affirmed. Costs of this appeal are assessed to appellant.
NOTES
[1] La.R.S. 13:1714. Filing and enforcement of custody decree of another state

A. A certified copy of a custody decree of another state may be filed in the office of the clerk of any district court or family court of this state. The clerk shall treat the decree in the same manner as a custody decree of the district court or family court of this state. A custody decree so filed has the same effect and shall be enforced in like manner as a custody decree rendered by a court of this state.
B. A person violating a custody decree of another state which makes it necessary to enforce the decree in this state may be required to pay necessary travel and other expenses, including attorneys' fees, incurred by the party entitled to the custody or his witnesses.
C. Upon filing of a certified copy of a custody decree of another state, valid on its face, and upon a showing of probable cause to believe that the person with physical custody of a child is likely to flee the jurisdiction of this state, the court may place the temporary custody of the child with the office of family services of the Department of Health and Human Resources pending a determination of the validity of the other state's custody decree. Temporary custody shall not exceed fifteen days unless the court extends the period upon a showing of good cause. In no case shall the custody period exceed sixty days.
[2] La.R.S. 13:1707. Jurisdiction declined by reason of conduct

A. If the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in similar reprehensible conduct the court may decline to exercise jurisdiction if this is just and proper under the circumstances.
B. Unless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody. If the petitioner has violated any other provision of a custody decree of another state the court may decline to exercise its jurisdiction if this is just and proper under the circumstances.
C. In appropriate cases a court dismissing a petition under this Section may charge the petitioner with necessary travel and other expenses, including attorneys' fees, incurred by other parties or their witnesses.