MARVIN, Judge.
The non-resident mother appeals a judgment which changed the custody of the child of the marriage from the mother to the father and terminated the father’s obligation to pay child support. We reverse. UCCJA, LRS 13:1700, et seq.
The litigants were divorced on January 17, 1980, and the mother was granted the permanent custody of the child. In April 1980 the mother was personally served and cited on the father’s rule for a change of custody. A hearing was not held on this rule.
The mother remarried in 1982. In April 1983, with her husband and the child, the mother moved from Louisiana to Georgia.
The father learned of the move, and filed this rule to change custody on April 21, 1983. On April 22, 1983, service of process of the rule was made on attorney Wilson, who had represented the mother in the original divorce and custody proceedings and who appeared for her in the 1980 rule for change of custody.
Wilson filed exceptions of lack of service of process, of personal jurisdiction, and of improper venue on May 6, 1983. These exceptions were overruled on May 10, 1983.
On May 12, 1983, Wilson filed a motion to withdraw as counsel and mailed a letter to this effect to the mother at her previous address and at the address in Georgia furnished in the petition by the father. A second rule was filed on May 19, 1983, and was personally served on the mother in Georgia on May 20, 1983, ordering her to appear and show cause why custody should not be changed on May 24, 1983. At the hearing on that date, neither the mother nor her attorney were present. Judgment was signed granting the change of custody to the father.
PERSONAL JURISDICTION?
The father contends that the Louisiana court has continuing jurisdiction over the mother and therefore under the authority of Imperial v. Hardy, 302 So.2d 5 (La.1974), service of process on her attorney was sufficient.
In Imperial the mother and children were domiciled in Louisiana and the father was domiciled in Indiana. The mother filed two rules seeking an increase in child support and asking that past due child support payments be made executory. The husband’s attorney was served with process and the husband excepted to the jurisdiction and service of process. The court found that once jurisdiction over the husband had attached in the original award of child support, it continued for a future change or modification of the award. Child custody was not at issue in Imperial.
In the later case of Odom v. Odom, 345 So.2d 1154 (La.1977), the court found that the notion of continuing jurisdiction did not apply in a change of custody action where the custodial parent and the children no longer lived in Louisiana. They found that the compelling reasons for exercising continuing jurisdiction were not present in that situation.
These cases were decided before the Uniform Child Custody Jurisdiction Act, R.S. 13:1700, et seq., was adopted by Act 513 of 1978. One of the stated purposes of this act is to “promote cooperation with the courts of other states to the end that a custody decree is rendered in that state which can best decide the case in the inter *84 est of the child.” R.S. 13:1702 sets out the circumstances where a court has jurisdiction of custody disputes. The first of these is where “this state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child’s home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state.” Jurisdiction attaches in those circumstances even though the child is not in Louisiana. R.S. 13:1702(C).
The child lived in Louisiana until a few days before this action was filed. Louisiana has jurisdiction to decide custody under the provisions of the UCCJA. Louisiana has the required close connection with the child and his family. Evidence of the best interests of this child would be more readily available in Louisiana than in Georgia.
SERVICE ON ATTORNEY?
Was the service on attorney Wilson sufficient notice under UCCJA? LRS 13:1703 requires that reasonable notice and an opportunity to be heard “shall” be given to the parties before a decree is rendered under the UCCJA. Buchanan v. Malone, 415 So.2d 259 (La.App. 2d Cir.1982). R.S. 13:1704 provides that the “notice required for the exercise of jurisdiction over a person outside this state shall be given in a manner reasonably calculated to give actual notice.” This notice may be given by personal delivery of service of process outside the state, by registered or certified mail, or if service cannot be made by these two methods, then by service on an attorney who is appointed by the court to represent the nonresident. This notice must be given at least ten days before any hearing is held. LRS 13:1704(B). Here the mother received actual notice in accordance with the UCCJA only four days before the hearing was held. Although her attorney mailed a letter advising her to immediately obtain new counsel, there is no evidence in the record that she ever received the. letter or that the address to which it was mailed was the correct address of the nonresident mother. Under these circumstances jurisdiction did not attach because the notice was not given until four days before the hearing.
Because there was no actual' notice to either the mother more than ten days prior to the hearing or to an attorney appointed by the court for the mother, we reverse the judgment and sustain the exception of improper service of process at appellee’s cost.