457 So.2d 196 (1984)
Daniel Francis LEIGH, Plaintiff-Appellee,
v.
Donna Marie LEIGH, Defendant-Appellant.
No. 16513-CA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1984.
*197 Campbell, Campbell & Johnson by John T. Campbell, Minden, for defendant-appellant.
Graves & Graves by James W. Graves, Shreveport, for plaintiff-appellee.
Before PRICE, JASPER E. JONES and FRED W. JONES, Jr., JJ.
PRICE, Judge.
Donna Marie Leigh, mother, appeals a judgment granting Daniel Francis Leigh, appellee, a writ of habeas corpus returning the physical custody of the parties' daughter, Chanda Marie Leigh, to the father pursuant to a modified custody judgment of an Iowa court. Appellant contends that the district court erred in failing to exercise jurisdiction to modify the foreign judgment and to hold the Iowa decree constitutionally invalid. We find the action of the district court, in a well-reasoned opinion, was in accord with both mandatory and discretionary provisions contained in the Uniform Child Custody Jurisdiction Act, La.R.S. 13:1700 et seq., and affirm.
The parties in this child custody litigation were married on October 23, 1980, in Haughton, Louisiana. Soon thereafter, the parties moved their marital domicile to Davenport, Iowa, where their child Chanda Marie was born on June 12, 1981. The parties physically separated on December 31, 1982, and the appellant initiated Iowa divorce and custody proceedings.
At a hearing in the Iowa proceedings, the appellant testified that she would not remove the child from Iowa in the event she was given custody of the child. The Iowa court rendered a judgment on September 19, 1983, dissolving the marriage of the parties and awarding custody of the child to the appellant conditioned upon her not removing the child from the state of Iowa and the immediate adjacent area of Illinois.
However, prior to rendering the judgment, the appellant removed the child from Iowa and returned to her former home in Bossier Parish, Louisiana. The appellee soon thereafter filed a motion for a new trial in Iowa based upon the appellant's conduct of the removal of the child to Louisiana by appellant. The Iowa court granted the requested change and awarded custody to the appellee on January 16, 1984. This modified child custody judgment forms the basis of the appellee's writ of habeas corpus action here in Louisiana.
The appellant contends that the district court erred in finding (1) that the Iowa court had jurisdiction to render a modified custody decree and (2) erred in finding that the Uniform Child Custody Jurisdiction Act denies jurisdiction to a Louisiana court to determine the custody of the child. Additionally, appellant asserts that the Iowa judgment prohibiting appellant from removing herself and the child from the Iowa-Illinois area violates the interstate commerce clause of Art. 1, Sec. 8, Clause 3 of the United States Constitution.
The record reflects that the appellant moved from Iowa without informing the father of the child or the Iowa court, despite the appellant's promise before the court that she would not remove the child from the area. The record also reflects that the appellant did not inform any parties in Iowa where she could be reached. While the appellant did not violate a court order which was in existence at the time she removed the child from Iowa, she did violate her oath to the court. The unilateral removal of the child by the appellant clearly violated the intent and purposes of the UCCJ Act. See La.R.S. 13:1700A(4), (5).
The appellant asserts that the Iowa court was without jurisdiction to render a modified custody decree in that she had not been personally served notice of the hearing. However, the record reflects that service of process was obtained upon the appellant's attorney of record in the prior divorce-custody proceeding in Iowa.
A custody decree is always subject to modification by the court of the state which rendered the decree as a matter *198 of continuing jurisdiction.[1] There was no evidence adduced at the habeas corpus hearing that the appellant's attorney of record in Iowa was ever dismissed as her counsel. In view of the fact that the appellant left Iowa without informing the court of her whereabouts, we find service of process upon the attorney of record was reasonably sufficient notice to render a modification of the original child custody decree. To hold otherwise, would encourage parties to surreptitiously remove their children from the jurisdiction of a court, defeating the clear intent and purposes of the UCCJ Act.
Next, the appellant asserts that the Iowa judgment is subject to modification in Louisiana under the UCCJ Act.
Appellant contends that jurisdiction to modify the Iowa child custody decree is conferred on the Louisiana Courts by La. R.S. 13:1702A(2) which provides:
A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or a modification decree if: ....
(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; ....
Under limited circumstances the courts of this state would have authority to consider a request for modification of a foreign custody decree in response to a habeas corpus proceeding.[2] La.R.S. 13:1713 provides for limited exceptions for modification of a custody decree of another state. La.R.S. 13:1713(A) provides in pertinent part as follows:
If a court of another state has made a custody decree, a court of this state shall not modify that decree unless it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under the jurisdiction prerequisites substantially in accordance with this Part [Section 1702] or has declined to assume jurisdiction to modify the decree and the court of this state has jurisdiction.
Therefore, before a court of this state may consider a modification there must exist an independent jurisdictional basis as provided by the UCCJ Act. In no case should a party be allowed to convert a habeas corpus proceeding into a trial on the merits of the custody issue if to do so would subvert the intent of the UCCJ Act. Buchanan v. Malone, 415 So.2d 259 (La.App. 2d Cir. 1982).
It is apparent from the facts of this case that Iowa was the home state of the child under R.S. 13:1701(5). Therefore, the *199 Iowa court clearly had jurisdiction as the home state of the child under La.R.S. 13:1702(A)(1). It also appears that the Iowa court continues to have jurisdiction under La.R.S. 13:1702(A)(2).
Having found that the Iowa court had jurisdiction of the dispute under Section 1702 and finding that Iowa continues to meet the jurisdictional prerequisites in accordance with that act Section 1713 dictates that a court of this state shall not modify the Iowa decree. Additionally, we find that the courts of Louisiana are without jurisdiction under the jurisdictional prerequisites of the UCCJ Act. Specifically, Louisiana is not the home state under R.S. 13:1702(A)(1) and the Iowa court best meets the requirements of the significant connection test of R.S. 13:1702(A)(2).
As stated in the Commissioners comment to the Jurisdictional Article in Uniform Laws Annotated, Volume 9, Section 3:
The interest of the child is served when the forum has optimum access to relevant evidence about the child and family. There must be maximum rather than minimum contact with the state.
The maximum contact intended by Section 1702A(2) is not present between the state of Louisiana and the child in this case. The facts reflect the child's father and family reside in Iowa and that the child has lived in Iowa the majority of her life to this point. Additionally, Iowa was the matrimonial domicile of the parties. While this court recognizes that Louisiana does have contacts in that the mother's family resides in Louisiana, we find this contact to be minimal in comparison to the "significant connection" of the child to Iowa. The clear intent of Section 1702A(2) is that the state with the maximum contacts with the child is the proper jurisdiction to meet the "significant connection" test of that section.
Additionally, La.R.S. 13:1712 provides that the courts of this state shall recognize and enforce an initial or modification decree of a court of another state which had assumed jurisdiction under the statutory provisions substantially in accordance with the jurisdictional requirements of the UCCJ Act. Therefore, the district court properly recognized the Iowa custody decree in this habeas corpus action.
Finally, the appellant asserts that the district court should have held the Iowa decree to be invalid on the basis that it violates the Interstate Commerce Clause of the United States Constitution in restricting her right to travel. Without addressing the merits of the appellant's assertion, we decline to address this issue since it pertains to the merits of the Iowa custody judgment. To review such an issue would place this court in the position of appellate review of the merits of an Iowa district court decision. We find that this issue would be more properly raised in an Iowa appellate court.
For the reasons assigned herein, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant.
AFFIRMED.
NOTES
[1] Under 28 U.S.C. § 1738A(d) the jurisdiction of a court of a state which has made a child custody determination consistent with the provisions of this section [meaning the jurisdictional requirements of the Uniform Child Custody Jurisdiction Act] continues as long as the requirement of subsection (c)(1) of this section [such court has jurisdiction under the law of such state] continues to be met and such state remains the residence of the child or of any contestant.
[2] Although neither of the parties have argued the point, this court is also cognizant of the limitations imposed on the states to exercise jurisdiction in custody cases in the Parental Kidnapping Act of 1980, 28 U.S.C. § 1738A.

28 U.S.C. § 1738A(a) provides as follows:
The appropriate authorities of every state shall enforce according to its terms, and shall not modify except as provided in subsection (f) of this section, any child custody determination made consistently with the provisions of this section by a court of another state.
The jurisdictional prerequisites of this act are identical to the jurisdictional requirements of the UCCJ Act found in La.R.S. 13:1702.
28 U.S.C. § 1738A(f) provides for instances where modification is allowed. Subsection (f) provides:
A court of a state may modify a determination of the custody of the same child by a court of another state if
(1) It has jurisdiction to make such a child custody determination; and
(2) The court of the other state no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.