WRIT GRANTED AND MADE PEREMPTORY. The February 27, 1996 ruling of the trial court granting the exception of lack of subject matter jurisdiction, and its order of custody rendered that date, are reversed, vacated, and set aside. The exception of lack of subject matter jurisdiction is overruled. The grant of temporary custody dated February 22, 1996, to the Lalondes, is reinstated. The trial judge is ordered to hear the Lalondes’ petition for custody by preference and priority.
Written reasons for our action recognizing Louisiana jurisdiction, overruling the exception of lack of subject matter jurisdiction, and reinstating the grant of temporary custody to the Lalondes, will follow.
h KNOLL, Judge.
The sole issue in this child custody matter is whether the trial court properly dismissed the petition of Boyd and Letha Lalonde on a declinatory exception of lack of subject matter jurisdiction. At issue is the custody of the minor child, Chastity.
The substantive facts about Chastity’s birth and the Colorado adjudication of custody in early 1995 were fully developed in our earlier unpublished appellate opinion and need not be reiterated herein. Subsequent to our judgment, the Lalondes’ writ application to the Louisiana Supreme Court was denied on February 9,1996.
On February 22, 1996, the Lalondes petitioned the trial court in St. Martin Parish, Louisiana to change custody, alleging that Chastity had been previously neglected by Monsehein and that she had resided with the Lalondes in Louisiana continuously sinee August 1994. In their petition, the Lalondes urged that a change Rin circumstances required the trial court to change the custody of their five-year old granddaughter, Chastity Lyn Harter, from her stepfather, Michael Monsehein, to them. When the petition for change of custody was filed, the trial court granted the Lalondes temporary custody of Chastity pending disposition of their petition. Monsehein interposed a declinatory exception of lack of subject matter jurisdiction. At a hearing on February 27, 1996, the trial court granted Monschein’s declinatory exception, finding that the issue of custody was fully litigated in the state of Colorado, that the custody judgment of that state was earlier recognized in Louisiana, and that under the Uniform Child Custody Jurisdiction Act (UC-CJA) Louisiana lacked subject matter jurisdiction over this matter. At the conclusion of the hearing, the trial court ordered the Lalondes to deliver Chastity to the custody of her stepfather.
*1077 The Lalondes applied for supervisory writs of certiorari, asking us to reverse the trial court. We called the writ up for expedited briefing, oral argument, and disposition. After hearing oral argument, we issued an instanter order reversing the trial court on the question of subject matter jurisdiction and reinstated the ex parte order of the trial court dated February 22, 1996, which granted the Lalondes temporary custody of Chastity Lyn Harter, pending final disposition of the Lalondes’ petition for change of custody, to be heard with preference and priority. At the time we issued our instanter order, we notified counsel that our written reasons would be forthcoming. Our reasons for reversing the trial court follow herein.
SUBJECT MATTER JURISDICTION
The Lalondes contend that the trial court erred in granting Monschein’s declinatory exception of lack of subject matter jurisdiction. We agree.
IgOnce the court of one state renders a custody decree, there are limited exceptions which permit another state to modify that decree. Specifically, the court which rendered the original judgment must no longer have jurisdiction, and the Louisiana court must meet the jurisdictional requirement of La.R.S. 13:1702. Gay v. Morrison, 511 So.2d 1173 (La.App. 4 Cir.1987), writ denied, 515 So.2d 1108 (La.1987).
La.R.S. 13:1702 provides:
A A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child’s home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(2) It is in the best interest of the child that a court of this state assume jurisdietion because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child’s present or future care, protection, training, and personal relationships; or
(3) The child is physically present in this state and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
(4)(i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with Paragraphs (1),(2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.
B. Except under Paragraphs (3) and (4) of Subsection A, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction of a court of this state to make a child custody determination.
UC. Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.
With respect to the modification of a custody decree of another state, La.R.S. 13:1713, provides in pertinent part:
If a court of another state has made a custody decree, a court of this state shall not modify that decree unless it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this Part or has declined to assume jurisdiction to modify the decree and the court of this state has jurisdiction.
Thus, before a Louisiana court may consider a modification of a foreign custody decree, there must exist an independent jurisdictional basis as provided by the UCCJA Leigh v. Leigh, 457 So.2d 196 (La.App. 2 *1078 Cir.1984). Therefore, we turn to the facts presented in the case subjvAice.
It is clear that Monschein has no connection with Colorado. The record shows that Monschein left Colorado during August of 1994 when he moved to Florida and has no contact with that state. Monschein has now left Florida and has recently moved to Indiana.
It is also clear that neither Chastity nor the Lalondes have any connection with Colorado. From August of 1994 to February 27, 1996, Chastity continuously resided in St. Martin Parish, Louisiana with her maternal grandmother and step-grandfather. The La-londes have provided care and support for Chastity in Louisiana throughout the time of her stay in Louisiana. Likewise, the La-londes have taken care of Chastity's medical needs; in particular, through the Lalondes’ intervention Chastity has been medically treated at her young, tender age in Louisiana for ongoing serious gynecological problems for which she is still in need of medical care, and she has been provided orthopedic treatment involving corrective shoes for a problem that predated her stay at the Lalondes’. Chastity has attended pre-school in St. Martin Parish. | sDuring this period of time Mon-schein has had no contact with Chastity, even after we upheld his custody of Chastity in our judgment of October 4, 1995, and denied the Lalondes’ request for a rehearing on November 15, 1995. Thus, we find that there is available in Louisiana substantial evidence concerning Chastity’s present and future care, protection, training, and personal relationships.
Based upon these factors, we find that Colorado no longer has jurisdiction over this custody matter. Likewise, based upon the aforementioned facts, we find that the district court in St. Martin Parish had subject matter jurisdiction to hear the Lalondes’ petition for change of custody and it was in Chastity’s best interest that Louisiana assume jurisdiction.
For these reasons, we grant the Lalondes’ writ application and make it peremptory. The February 27, 1996, ruling of the trial court granting the exception of lack of subject matter jurisdiction, and its order of custody rendered that date, are reversed, vacated, and set aside. The exception of lack of subject matter jurisdiction is overruled. The grant of temporary custody dated February 22, 1996, to the Lalondes is reinstated. The trial judge is ordered to hear the Lalondes’ petition for custody by preference and priority. Respondent, Michael Monschein, is assessed with all costs of this writ application.
WRIT GRANTED AND MADE PEREMPTORY.