hCARAWAY, Judge.
In this child custody case, a nonresident father who was not present or represented by counsel at the hearing appeals a judgment of the trial court which changed sole custody of the child from the father to the mother and denied the father visitation until he had received psychological counseling. Although we find that the trial court had subject matter jurisdiction over this dispute involving a nonresident defendant, we vacate and set aside the judgment of the trial court because of a lack of service on the nonresident pursuant to the Uniform Child Custody Jurisdiction Act, La. R.S. 13:1700 et seq. (UCCJA).

Facts and Procedural History

Michael Johnson (“Michael”) married Bonnie Durham Johnson (“Bonnie”) on January 29, 1986 and the parties were divorced in DeSoto Parish on February 26, 1990. One child, Charles Michael Johnson (“Charles”), was born of this marriage on January 1, 1987. Michael and Bonnie were initially granted joint legal and substantially equal physical custody of Charles. Nevertheless, *631 at a hearing in June 1990 on allegations that Bonnie violated the court order by failing to return Charles in accordance with the joint custody judgment, the court granted sole custody of Charles to Michael, subject to Bonnie’s rights of reasonable visitation. After being granted sole custody, Michael moved with Charles to Mississippi, then briefly back to Louisiana and then to Texas.
On March 21, 1995, Bonnie filed a petition in DeSoto Parish district court seeking modification of custody. Michael filed declinatory and dilatory exceptions to the petition alleging lack of jurisdiction, insufficient service of process and vagueness and in a written ruling, the trial court granted Michael’s exception of lack of jurisdiction. Despite the ruling, no judgment of dismissal was entered.
|2Bonnie then filed a petition to modify custody in district court in Panola County, Texas. In the Texas action, Michael again filed an exception to jurisdiction arguing that Louisiana was the proper forum for the custody litigation. The Texas court overruled the exception and set the matter for trial. Without disclosing the ongoing Texas proceedings, Michael returned to these proceedings in DeSoto Parish and obtained an ex parte order to withdraw his previously filed declinatory exception and have the case proceed in Louisiana. Bonnie then moved to set aside this action of the Louisiana trial court and allow the matter to continue to trial in Texas. After a hearing, the Louisiana court issued a ruling on June 27,1996 withdrawing its prior ex parte order and declining jurisdiction based on Michael’s fraudulent conduct. Nevertheless, a few weeks later, after the Texas and Louisiana courts communicated pursuant to provisions of the UCCJA regarding the exercise of jurisdiction, the Texas court concluded that the custody issue should be tried in Louisiana.
The Texas court, in an order dated July 16, 1996, found that although it had continuing jurisdiction of the matter, Texas was an inconvenient forum. At that time, Michael and Charles had moved back to Louisiana so all the parties then resided in Louisiana. The Texas court entered a specific visitation interim order to be implemented until a hearing could be held in Louisiana and abated its proceedings pending setting of the ease in Louisiana.
On August 15,1996, Michael filed a motion with the Louisiana court to refix for trial Bonnie’s March 1995 petition for change of custody. The trial court granted this motion and set the trial for October 1, 1996; however, due to various circumstances, the case was continued several times. With no hearing date pending, on July 28, 1997, Michael’s attorney was allowed to withdraw as his j^ounsel of record. At that time the record indicates that Michael had moved back to Texas and was residing in Conroe.
On July 31, 1997, with no trial setting pending for her motion for change of custody, Bonnie moved for an order resetting the trial on the motion for September 26. The order was granted on August 18; however, other than a certificate of Bonnie’s counsel showing a mailing of the proposed action to Michael on July 31, there is no evidence that Michael received notice of the September 26 setting. At the hearing on September 26, when Michael failed to appear, the court minutes reflect that the trial court ordered the hearing to be reset again for October 30. A notice of the October 30 trial was sent by the court clerk by certified mail to Michael’s Texas address; however, the notice was sent to an incomplete address and was returned to the court marked “no such number.” The record reveals that Bonnie’s attorney was also unsuccessful in giving notice by certified mail to Michael’s Conroe, Texas address. Michael did not appear at the hearing and was not represented by counsel.
After trial on October 30, the trial court rendered judgment modifying the custody decree to grant sole custody of Charles to Bonnie, requiring Michael to attend psychological counseling before he could exercise visitation with Charles and ordering Michael to pay Bonnie $384.71 per month in child support. Bonnie obtained physical custody of Charles which she has maintained following the trial court’s ruling.

Subject Matter Jurisdiction

Michael first attacks the trial court’s action based upon a claim of lack of subject matter jurisdiction. This issue involves a *632 review of the Uniform Child Custody Jurisdiction Act.
^Louisiana adopted the UCCJA in 1978. ■ See La. R.S. 13:1700, et seq. The UCCJA serves two paramount purposes: avoiding jurisdictional competition among states and promoting resolution of custody disputes by the forum deemed most likely to have the maximum amount of relevant information about the case. Lopez v. Lopez, 27,330 (La.App. 2d Cir.9/27/95), 661 So.2d 665; La. R.S. 13:1700. Jurisdiction may exist con-, currently in two different states under the “home state” and “significant connection” tests of the UCCJA. See La. R.S. 13:1702. Jurisdiction in Louisiana in a child custody dispute is proper under the “significant connection” test of the UCCJA if it is in the child’s best interest to determine custody in Louisiana, the child and at least one parent have significant connection to Louisiana, and the maximum amount of evidence concerning the child is available in Louisiana. Broadway v. Broadway, 623 So.2d 185 (La.App. 2d Cir.1993).
In this case, Michael admitted in his Motion to Withdraw and Rescind Declinatory and Dilatory Exceptions filed in April 1996 that Louisiana met the “significant connection” test because of the ties between both parties and Charles to Louisiana and because of the substantial evidence available in Louisiana ' concerning Charles’ care, protection, training and personal relationships. See La. R.S. 13:1702(A)(2). We-find that when the Louisiana court learned there were simultaneous custody modification proceedings being conducted in Texas, the Louisiana court properly communicated with the Texas court in accordance with the UCCJA in order to determine the most appropriate forum for the litigation. La. R.S. 13:1705. The Texas court, also acting pursuant to the UCCJA, V.T.C.A., Family Code §§ 152.001 et seq., found that although it had jurisdiction of the |5matter, it was an inconvenient forum given these facts.[1] The Texas court then abated its proceedings pending a setting of the case in Louisiana finding that Louisiana was the more appropriate forum.
. Under the circumstances of this case and because no final judgment regarding the issue of subject matter jurisdiction was ever rendered by the district court dismissing Bonnie’s Petition to Modify Custody or transferring it to another jurisdiction, we find that the district court could properly exercise jurisdiction over this matter.

Service of Process

Michael next disputes the judgment due to the lack of proper service. Before a decree can be rendered, reasonable notice and an opportunity to be heard must be given to the parties. La. R.S. 13:1703. The record before us does not show that Michael received the required notice.
This action for a change in child custody is a summary proceeding which may be commenced by the filing of a contradictory motion or by a rule to show cause. La. C.C.P. arts. 2592(8) and 2593. Citation and service thereof are not necessary in a summary proceeding. However, copies of the contradictory motion filed by the moving party and of the order assigning the date and hour of the trial must be served upon the defendant. La. C.C.P. arts. 2594 and 1314.
In August 1997, when Bonnie sought an order resetting this matter for hearing, service by the sheriff pursuant to La. C.C.P. art. 1314 would have been required had this proceeding not involved a nonresident. First Federal Savings & Loan Association of New Iberia v. Stanley, 578 So.2d 220 (La.App. 3d Cir.1991); Wallace v. Hanover Insurance Co. of N.Y., 164 So.2d 111 (La.App. 1st Cir.1964). leWith Michael’s nonresident status and the application of the UCCJA, section 1704 of UCCJA provides:
A. Notice required for the exercise of jurisdiction over a person outside this state shall be given in a manner reasonably calculated to give actual notice, and may be:
(1) By personal delivery outside of this state in the manner prescribed for service of process within this state; or
(2) By registered or certified mail; or
*633 (3)(a) If the party is a nonresident or absentee who cannot be served by the methods provided in paragraphs (1) and (2) above, either personally or through an agent for service of process, and who has made no general appearance, the court shall appoint an attorney at law to represent him.
This notice must be given at least ten days before any hearing is held. La. R.S. 13:1704(B); Price v. Price, 445 So.2d 82 (La.App. 2d Cir.1984).
Because the certified letter from the clerk of court regarding the October 30 hearing was returned due to an insufficient address and Michael refused or was unable to claim the certified letter from Bonnie’s attorney notifying him of the trial date, there is no evidence in this record that Michael received actual notice of the date and time of the hearing or a copy of a court order fixing the trial as mandated by La. C.C.P. art. 2594. If Michael was unable to be served personally or by registered or certified mail, Bonnie could have sought an appointed attorney for him but failed to do so. Accordingly, we vacate and set aside the trial court judgment granting sole custody of Charles to Bonnie and remand the case to the trial court for further proceedings^
However, in recognition of Michael’s actions in forum shopping and attempting to evade the courts’ jurisdiction and in view of the actual custody of Charles with Bonnie which has been in existence, we hereby order that Bonnie shall retain physical custody of Charles pending a hearing on this matter in the trial|7Court after proper notice consistent with this opinion. Costs of this appeal shall be shared equally by the parties.
JUDGMENT VACATED AND SET ASIDE; ORDER RENDERED AND CASE REMANDED.

. The section in Louisiana of the UCCJA concerning inconvenient forum in a custody determination or modification is found at La. R.S. 13:1706.