|, KIRBY, Judge.
Plaintiff, Mitzi Dunn,' appeals the trial court’s judgment of May 3, 1999, denying her exception of no personal jurisdiction, her exception pursuant to La. R.S. 46:236.1(K)(3), and her motion for new trial, and making the conáent judgment of October 28, 1998 an order of the court.
On February 18,1998, the State of Louisiana, through the Department of Social Services, Office of Family Support (“DSS”), filed a petition to establish paternity and support obligations against Alton Joseph Sarrazin, Jr., on behalf of Arione Dunn, the minor child of Mitzi Dunn. In this petition, DSS,' through its attorney, Edward Jenkins, asked for judgment decreeing that Sarrazin is the natural father of Arione and ordering Sarrazin to pay child support and maintain medical insurance on behalf of Arione. This petition stated that Mitzi Dunn has applied for services provided by Support Enforcement Services in obtaining support for Arione or is receiving benefits through the Aid to Families with Dependent Children Program as maintained by the State of Louisiana and is-proceeding pursuant to La. R.S. 46:236.1 et seq.
|?On May 13, 1998, a default judgment was entered against Sarrazin, declaring that he is the biological father of Arione and ordering him to pay child support and provide medical insurance for Arione.
On June 15, 1998, Sarrazin filed a rule for joint custody and reduction of child support payments. At the bottom of this rule, Sarrazin requested that Mitzi Dunn be served with notice of this rule “through her attorney of record, Edward Jenkins.” The trial court issued an order that Mitzi Dunn show cause on July 8, 1998 why Sarrazin should not have joint custody of Arione and why the child support payments in this matter should not be reduced. Sarrazin’s attorney requested that this order be served on “Mitzi Dunn, through her attorney of record, Edward Jenkins.” A printout from the Civil Sheriffs Office indicates that service was made *1155 on Mitzi Dunn through an attorney at 2025 Canal Street, which is the address for DSS. A Sheriffs Return filed in Civil District Court indicates that Mitzi Dunn was to be served through Edward Jenkins at DSS at 2025 Canal Street and that the.rule was signed for by Mauisa Veal, who plaintiff claims is a receptionist at DSS.[1]
On July 8, 1998, the rule of Sarrazin to obtain joint custody and reduce child support was heard. The only people noted as present for the rule were Sarrazin and his attorney.
|3On July 20, 1998, judgment was rendered granting Sarrazin’s request for reduction of child support and for joint custody of Arione. Custody and visitation schedules were detailed in this judgment.
On August 21, 1998, Mitzi Dunn filed a motion to vacate the July 20, 1998 judgment on the Sarrazin’s rule for joint custody and reduction of child support. In this motion, Dunn states that the July 20, 1998 judgment is null and void because it was rendered against her without proper service of process. Dunn states that because she was not properly served, she was unaware of the rule to show cause hearing and therefore was deprived of the opportunity to appear and show cause why the rule should not be granted. A rule to show cause on Dunn’s motion to vacate the July 20, 1998 judgment was set for September 2, 1998. Dunn’s attorney who filed the motion to vacate was Ray Bright. Bright enrolled as Dunn’s counsel on the same date that the motion to vacate was filed.
On October 21, 1998, a hearing was held on the motion to vacate. After hearing arguments from attorneys for Dunn, Sar-razin and the State, the trial judge stated that he was going to deny the motion.
On October 28, 1998, proceedings were held in which Dunn’s attorney stated that the parties had reached a consent agreement as to a visitation schedule. Dunn appeared at this hearing and stated that she agreed to this schedule.
On November 16, 1998, the trial judge rendered judgment denying Dunn’s motion to vacate the judgment of July 20, 1998. He ruled that the judgment would remain as ordered with the exception of the visitation schedule.
| ¿On November 30, 1998, Dunn filed a motion for new trial as to the November 16, 1998 judgment denying her motion to vacate the July 20,1998 judgment. In this motion, Dunn argues that the November 16, 1998 judgment is contrary to La. R.S. 46:236.1(K). Dunn states that under R.S. 46:236.1, a staff attorney with DSS or a district attorney initiating legal proceedings under that statute shall represent DSS exclusively and, an attorney-client relationship shall not exist between the staff attorney and any applicant or recipient of child support services. Therefore, according to Dunn, service on her through the staff at DSS was improper.
On May 3,1999, the trial judge rendered judgment denying Dunn’s motion for new trial. In that judgment, the trial judge noted that during the October 28, 1998 hearing, in which Dunn consented to a visitation schedule between herself and Sarrazin, Dunn was represented by counsel and did not raise the exception of personal jurisdiction. The trial judge stated that Dunn waived this exception by not raising it at the October 28, 1998 hearing.
As for Dunn’s arguments regarding R.S. 46:236.1(K), the trial judge stated that this statute is not applicable in this case because no official from DSS participated in the October 28, 1998 hearing, at which Dunn gave her consent to a - visitation schedule. The judge stated that the reasons for the October 28, 1998 ■ judgment were clear and concise and not contrary to the law and evidence. The consent judg *1156 ment of October 28, 1998 was made an order of the court.
jfiThe main issue raised in Dunn’s appeal is whether the service effected on an employee of DSS was proper service on her for the rule filed by "Sarrazin to obtain joint custody and to reduce child support. Dunn argues that such service was insufficient and that the trial judge erred in denying her motion to vacate the July 20, 1998 judgment in which he granted joint custody to Sarrazin and reduced his child support payments.
Before we address the merits of Dunn’s arguments, we note that in the May 3, 1999 judgment, the trial judge incorrectly stated that Dunn’s request for a new trial was directed to the October 28, 1998 consent judgment. The record shows that Dunn requested a new trial as to the November 16, 1998 judgment denying her motion to vacate the July 20, 1998 judgment.
La. R.S. 46:236.1(K)(3) provides as follows:
Any attorney initiating legal proceedings pursuant to this Section and Titles IV-D and IV-A of the Social Security Act shall represent the state of Louisiana, Department of Social Services exclusively. An attorney-client relationship shall not exist between the attorney and any applicant or recipient of child support enforcement services for and on behalf of a child or children, without regard to the name in which legal proceedings are initiated. The provisions of this Paragraph shall apply to a staff attorney in support enforcement services, district attorneys, or contract attorney® providing support services pursuant to Title IV-D.
La. R!S-. 46:236.1(K)(3) was amended, effective July 1, 1999, after the judgment in this case was rendered. The amended version adds the sentence: “In those cases in which the Department of Social Services is providing child support services, the attorney representing the department shall not represent any party in matters involving custody or visitation.”
Ifiln the petition to establish paternity and support obligations on behalf of Arione Dunn, the parties were DSS and Alton Sarrazin. In' that matter, attorney Edward Jenkins represented DSS exclusively. La. R.S. 46:236.1(K)(3).
In the subsequent rule filed by Sarrazin for joint custody and reduction of child support, only Mitzi Dunn is named as a defendant. Sarrazin requested that service of that rule be effected on Dunn through Edward Jenkins at DSS. Dunn never- received notice of that rule and, Sarrazin’s requests for joint custody and reduction of child support were granted in her absence.
"An action for a change in child custody is a summary proceeding that may be commenced by the filing of a contradictory motion or by a rule to show caused La. C.C.P. arts. 2592(8) and 2593; Johnson v. Johnson, 31,038 p. 5 (La.App. 2 Cir. 9/23/98), 718 So.2d 629, 632. In a summary proceeding, a copy of the contradictory motion, rule to show cause, or other pleading filed by the plaintiff in the proceeding, and of any .order assigning the date and hour of the trial thereof, shall be served upon the defendant. La. C.C.P. art. 2594.
La. C.C.P. arts. 1312-1314 set forth the methods by which service of pleadings can be effected. Those articles do not allow service to be effected on an attorney not representing a party in that particular matter.
We find that service of Sarrazin’s rule on Dunn through DSS was improper because it contained a request for custody. DSS does not represent parties in custody matters. Although the 1999 amendment to R.S. 46:236.1(K)(3) was not in effect until after judgment in this matter was rendered, the addition of the statement that DSS does not represent any party in custody or visitation matters is a codification of the law that existed prior to the *1157 amendment. La. R.S. 46:236.1(B), as it existed prior to the 1999 amendment, lists the types of legal |7proceedings that DSS is entitled to initiate under its family and child support programs. That list does not include custody or visitation matters.
Neither Edward Jenkins nor any other attorney at DSS could represent Mitzi Dunn in a custody or visitation matter. Therefore, service on Dunn through Jenkins’ office of Sarrazin’s rule for custody was insufficient.
A judgment rendered against a defendant who has not been served with process and has not entered a general appearance is an absolute nullity that can be raised collaterally at any time. La. C.C.P. art. 2002(A)(2); Succession of Griffith, 415 So.2d 670 (La.App. 4 Cir.1982). For the reasons stated above, we find that the July 20, 1998 judgment granting Sarrazin joint custody and reducing his child support payments is an absolute nullity. The trial judge erred in his November 16, 1998 denial of Dunn’s motion to vacate the July 20, 1998. Because the July 20, 1998 judgment is a nullity, we also find that the subsequent October 28, 1998 consent judgment arising out of this same matter is a nullity.
Accordingly, we vacate and set aside the July 20, 1998 trial court judgment granting joint custody to Alton Sarrazin and reducing his child support.payments. We also vacate and set aside the October 28, 1998 consent judgment and the visitation schedule contained therein. We hereby order that Mitzi Dunn shall retain physical custody of Arione pending a hearing on this matter in the trial court after proper service on the parties involved.
JUDGMENTS VACATED AND SET ASIDE; ORDER RENDERED AND CASE REMANDED.

. There is nothing in the record to verify Veal's position at DSS. The trial judge stated at the October 21, 1998 hearing that it was his'understanding that Veal is the receptionist.