KNOLL, Judge.
This is a child custody case. The divorced father, a non-resident of Louisiana, appeals from a judgment awarding custody of his minor son to the mother, a resident of Louisiana. The father maintains that under LSA-R.S. 13:1700 et seq., the Louisiana court should have given full faith and credit to an earlier Texas decree awarding custody to him.
FACTS
Howard F. Speights, Jr., and Laurie P. Speights Rockwood were married in Clayton County, Georgia on October 29, 1977. On October 6, 1978, their son, Daniel, was born. Both husband and wife were in the United States Army, and on November 23, 1979, while stationed in West Germany, they physically separated. Shortly after their separation Laurie returned to the States with her son and resided in Arkansas.
On January 16,1980 Howard filed suit in his home state of Georgia seeking a divorce from his wife and asking for the custody of Daniel. The divorce was granted on May 22, 1980, but no determination of child custody was made.
Between May 1980 and April 1982, Laurie lived in Batesville, Arkansas; Hereford, Texas; Vidor, Texas; and Beaumont, Texas. While Laurie was living in Beaumont, Howard had her personally served with a petition to determine child custody which he had filed in the Domestic Relations Court for Jefferson County, Texas. On February 12, 1982 both parties represented by counsel, appeared before the Honorable James M. Farris for a temporary custody proceeding. After the hearing, both parties were awarded joint custody pending the final custody decree. Physical custody was awarded to the father, and the mother was restrained from removing the child from Jefferson County.
Shortly after the temporary custody hearing but before the father could obtain physical custody of Daniel, Laurie left the State of Texas with her son and established residency in Vernon Parish, Louisiana.
Howard and his attorney, along with Charles Smallwood, Laurie’s attorney, appeared before Judge Farris on April 8,1982 for final determination of child custody. Laurie was not present. After ruling that the Texas court had proper jurisdiction to determine the matter, Judge Farris awarded custody of Daniel to the father.
On October 25, 1982 Howard initiated an action in Vernon Parish, Louisiana, to obtain recognition of the Texas custody decree. On October 16, 1982 the trial court heard the issue of recognition of the foreign judgment. Although the trial court noted that the Texas court had jurisdiction and that Laurie had knowingly fled the State of Texas with the child, it refused to *1277 recognize the Texas judgment on the grounds that to do so would not be in the best interest of the child. As a corollary to its ruling the trial court further noted that it would entertain a demand by Laurie to modify the Texas decree.
Laurie subsequently filed a reconventional demand to obtain the custody of Daniel. Howard interposed objections of lack of jurisdiction and res judicata to the Louisiana custody action which were overruled by the trial court. On June 14, 1983 the trial court awarded custody to the mother.
Howard has appealed the custody order of the Louisiana court specifying that the trial court erred in refusing to give full faith and credit to the custody decree of the Domestic Relations Court for Jefferson County, Texas.
The issue in this case is whether the Uniform Child Custody Law denies jurisdiction to a Louisiana court over this case.
The Uniform Child Custody Law went into effect in Louisiana on October 1, 1978. The purposes of the law are to: provide some stability to reasoned custody decrees by discouraging relitigation; deter custody determinations by physical abduction; avoid jurisdictional competition and conflicting custody decrees; and attain a secure home environment necessary for a child’s well being. LSA-R.S. 13:1700(A); Revere v. Revere, 389 So.2d 1277 (La.1980). The broad grant of jurisdiction over the status of the custody of a minor who is domiciled in, or is in, this state as provided in LSA-C.C.P. Art. 10(A)(5) has been eroded to a certain degree by provisions of the Uniform Child Custody Jurisdiction Act. For example, see LSA-R.S. 13:1705 (simultaneous proceedings in other states); LSA-R.S. 13:1706 (inconvenient forum); LSA-R.S. 13:1707 (jurisdiction declined by reason of conduct); and LSA-R.S. 13:1713 (modification of another state’s custody decree).
In Settle v. Settle, 276 Or. 759, 770, 556 P.2d 962, 968 (1976) the Oregon Supreme Court made the following statement:

“A close reading of the [Uniform Child Custody Jurisdiction] Act discloses a schizophrenic attempt to bring about an orderly system of decision and at the same time to protect the best interests of the children who may be immediately before the court. When put to the test of a factual situation presenting an irreconcilable conflict between those two interests, we read the Act as making predominate [sic] the best interests of the children before the court.”

For the foregoing and following reasons we find that the Louisiana court had jurisdiction over the child custody matter and was not bound to simply recognize and enforce the Texas decree.
From the outset we note that we do not condone the actions of Laurie whereby she absconded with her child from Texas before a final custody decree could be rendered. Nevertheless from the general purposes of the Act it is clear that the mere physical presence of the child does not suffice to give jurisdiction to the Louisiana courts either to determine custody or to modify a foreign custody decree. For a Louisiana court to have jurisdiction the home state test of LSA-R.S. 13:1702(A)(1) must be met or the best interest of the child, test of LSA-R.S. 13:1702(A)(2) must be satisfied. Moore v. Moore, 379 So.2d 1153 (La.App. 2nd Cir.1980). Physical presence coupled with the jurisdictional requirements mandated by the Act ensure that mere presence of the child without more will not be sufficient to confer Louisiana courts with power to determine that minor’s custody.
Under LSA-R.S. 13:1702(A)(1) Louisiana has jurisdiction to determine child custody because the child’s home state at the commencement of these proceedings was Louisiana. LSA-R.S. 13:1701(5) defines “home state” in pertinent part as:
“... the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, ....”
When appellant initiated these proceedings to recognize the Texas custody decree, the child, his mother and stepfather had resid *1278 ed in Louisiana in excess of six months. Not only was Louisiana the home state, but it was the state with the most significant connections. Therefore it was also in the best interest of the child for Louisiana to assume jurisdiction. From these same facts Texas no longer had jurisdiction over this matter. It is not the child’s home state and there is no “significant connection” with the child since no parent resides there (Texas) and no “substantial evidence concerning the child’s present or future care, protection, training, and personal relationships” exists in Texas. The record shows Howard to be a resident of North Carolina.
In summation, the question presented this court was since Louisiana has jurisdiction as the home state of the minor child, is it precluded from exercising its jurisdiction for the determination of child custody because the mother of the child left the jurisdiction of the State of Texas without the consent of the father who was entitled to custody. Our answer is no. In Hadley v. Hadley, 394 So.2d 769 (La.App. 4th Cir.1981), writ denied 399 So.2d 622 (La.1981) the court held that a trial judge is not compelled to follow the language of LSA-R.S. 13:1707(B) which requires that a court not exercise its jurisdiction to modify another State’s custody decree where the petitioner has improperly removed the child from the physical custody of a person entitled to it without his consent. The opening language of LSA-R.S. 13:1707(B) commences with the words “Unless required in the interest of the child ...” This indicates to us a legislative attempt to permit the assumption of jurisdiction by a Louisiana court in an instance such as the case at hand, i.e., the Texas court did not make a finding that the mother of the child was unfit; Louisiana is the “home state” at the commencement of the proceedings in Vernon Parish; and significant connections exists with the child and one parent in this state. There is no question that the determination of the trial court in this instance, that the best interest of the child was the paramount consideration, was correct.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed against Howard F. Speights, Jr.
AFFIRMED.