463 So.2d 939 (1985)
James E. MILLER, Plaintiff-Respondent,
v.
Jolene Brendle MILLER, Defendant-Applicant.
No. 16967-CW.
Court of Appeal of Louisiana, Second Circuit.
January 23, 1985.
Rehearing Denied February 22, 1985.
Jack Wright, Jr., Monroe, for defendant-applicant.
Linda Bradley Norwood, West Monroe, for plaintiff-respondent.
Before HALL, MARVIN and NORRIS, JJ.
MARVIN, Judge.
Ms. Miller, applicant, sought this court's supervisory review of rulings by the district court that it may exercise jurisdiction to modify a Florida custody judgment. We granted the application in order to review the district court's rulings denying applicant's dilatory and declinatory exceptions to the exercise of jurisdiction by the Louisiana court under the Uniform Child Custody Jurisdiction Act (UCCJA), LSA R.S. 13:1700, et seq. We reverse and render judgment sustaining the dilatory exception of inconvenient forum.
The facts are stipulated. The applicant married James E. Miller in West Monroe on *940 October 1, 1976. Their child, Erin, was born in West Monroe September 17, 1977, where the parties resided until August 1980 when they moved to Florida. In January 1982 they were divorced in Florida. The Florida court awarded Ms. Miller sole custody of Erin. Mr. Miller returned to West Monroe in December 1981, where he has since resided. Ms. Miller and Erin remained in Florida until August, 1984.
The child regularly visited her father in West Monroe until May 1984 when Ms. Miller refused to honor further visitation rights. On August 28, 1984, Mr. Miller petitioned the Fourth Judicial District Court in Ouachita Parish to modify the Florida custody judgment. He seeks custody of the child on the grounds of Ms. Miller's refusal to honor his visitation rights.
Before the rule for modification of the custody judgment was filed, Ms. Miller, a captain in the United States Air Force, was transferred to Massachusetts by military order and now resides there with the child.
In response to Mr. Miller's petition, Ms. Miller filed the declinatory exceptions of lack of subject matter jurisdiction, of lack of personal jurisdiction, and the dilatory exception of inconvenient forum. She also sought costs of travel and other expenses if she and the child were ordered to appear. The district court denied her exceptions but ordered Mr. Miller to maintain a sufficient deposit to provide for her costs and expenses. From the overruling of the exceptions, Ms. Miller seeks our supervisory review.
The UCCJA has been adopted in Louisiana and Florida, and in 47 other states. UCCJA seeks to avoid jurisdictional competition in conflicts, to promote interstate cooperation, to litigate custody where child and family have closest connections, to discourage continuing conflict over custody, to deter abduction and unilateral removal of children, to avoid re-litigation of another state's custody decisions, and to promote exchange of information and other mutual assistance in custody matters by courts in different states. LSA-R.S. 13:1700; Peery v. Peery, 453 So.2d 635 (La.App. 2d Cir. 1984).
In determining whether the courts of this state should decline or should exercise jurisdiction under UCCJA, it is crucial that each multi-faceted and related component of the act be construed to promote its general purposes. LSA-R.S. 13:1700 B; Ingram v. Ingram, 463 So.2d 932 (La.App. 2d Cir.1985).
Consistent with the goal of avoiding relitigation of custody decisions of other states, R.S. 13:1712 provides that the courts of Louisiana shall recognize and enforce an initial or modification decree of a court of another state which has assumed jurisdictional power either under statutory provisions that are in substantial accord with § 1702 or under factual circumstances meeting the standards of § 1702.
Here, a Florida court rendered the custody judgment in favor of the mother. When the Florida proceedings were instituted and when judgment was rendered, Florida had been the home state of the child for two years. The Florida judgment was in accord with the jurisdictional prerequisites of the UCCJA, § 1702A(1). The mother and the child continued to reside in Florida for two more years. Shortly after the applicant moved to the state of Massachusetts in August 1984, Mr. Miller filed his petition in Louisiana seeking modification of the Florida judgment.
When a court of another state has rendered a custody decree in accordance with the UCCJA, there are limited exceptions under the UCCJA that allow the courts of another state to exercise jurisdiction to modify that custody judgment. Specifically, the court of the state that rendered the initial decree must no longer have jurisdiction and the courts of this state must meet the jurisdictional prerequisites and standards of § 1702.
Even though it is determined that the courts of this state meet a particular criteria under § 1702, the inquiry whether jurisdiction should be exercised does not end. UCCJA clearly directs that the best interest *941 of the child in the custody dispute be determined by the state which best meets the jurisdictional prerequisites and priorities of UCCJA. When modification of an out-of-state custody decree is sought, the court is directed to make three inquiries. The first inquiry is whether the court of this state has jurisdiction under a particular prerequisite of § 1702. The second inquiry questions whether the court of another state, or the court of the state which rendered the initial decree, meets the standards of UCCJA or of a similar and consistent law. The final inquiry is whether the court of this state must, or should, decline to exercise jurisdiction when the court of another state best meets the standards of § 1702 and the general purposes of the UCCJA. See §§ 1700, 1702, 1708, 1712-13.
Respondent contends that Louisiana has jurisdiction under the significant connections test of § 1702A(2) which provides:
"A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or a modification decree if: ...
"(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; ..."
Respondent argues that Louisiana has jurisdiction and has the significant connections because the child lived in Louisiana for the first three years of her life and the father and maternal and paternal grandparents live here.
More than one state may have a significant connection under some circumstances. The clear intent of § 1702A(2), however, is that the state with the maximum contacts with the child is the proper or preferred state to exercise its jurisdiction under the "significant connection" test of that section. Leigh v. Leigh, 457 So.2d 196 (La.App. 2d Cir.1984).
While Louisiana once had what may be deemed a significant connection, the law requires that a comparative determination be made whether another state has a more or more recent significant connection with the child and whether that state meets one or more of the jurisdictional prerequisites of § 1702. Assuming then that the child has significant connections because she once lived here and her father and grandparents now live here, we shall make the comparison directed by UCCJA.
Florida was undisputably the home state of the child under § 1702 A(1) for about four years until August 1984. When Ms. Miller and Erin moved to Massachusetts, Florida may not have indefinitely continued as the "home state." However, Florida still has, quantitatively a "significant connection" with the child because the child lived there for the last four years.
Florida, as we have said, was the home state for the previous four years. Florida rendered the initial divorce and custody decree. Florida had, and logically should have, available substantial particulars concerning the child's care, protection, training, and personal relationships. Even assuming Louisiana has significant connections does not preclude a finding that Florida meets the significant connection test of § 1702 A(2).
The decision whether a Louisiana court should exercise jurisdiction is complicated by the fact that the child has been residing with her mother in Massachusetts since August 1984. Massachusetts is the one state which has not adopted UCCJA. Under Massachusetts law, however, Massachusetts has due-process jurisdiction to decide the custody dispute because of the physical presence of the child and her mother in that state. Mass. General Laws C. 208, § 29. See Murphy v. Murphy, 404 N.E.2d 69 (Mass.1980).
The applicant contends that although Louisiana may be assumed to have significant connection jurisdiction under § 1702, *942 Louisiana should decline to exercise jurisdiction because it is an inconvenient forum.
We agree.
LSA-R.S. 13:1706 provides in pertinent part as follows:
"C. In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:
"(1) If another state is or recently was the child's home state.

"(2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants.
"(3) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state.
"(4) If the parties have agreed on another forum which is no less appropriate, and
"(5) If the exercise by a court of this state would contravene any of the purposes stated in Section 1700." Emphasis supplied.
Florida has a closer and more recent significant connection with the child and her mother than does Louisiana when the requisite comparison is made. We find that the district court failed to make the statutory inquiries and that it erred in denying the applicant's exception of inconvenient forum. The applicant should not be required to defend modification of the Florida custody decree in a state which has not been the child's home in over four years. Ms. Miller had the right or privilege under the Florida decree to move herself and the child to Massachusetts. Ms. Miller should not be required to litigate in Louisiana simply because Florida no longer may be the home state.

DECREE
We find that it would be in the best interest of the child and more convenient that the custody litigation occur either in Florida, the last home state of the child, or in Massachusetts, which now may become the home state of the child. Uniform Child Custody Jurisdiction Act (ULA), § 3, Commr's Note p. 123.
We reverse the trial court and sustain the exception of inconvenient forum. We dismiss respondent's petition for modification of the Florida custody decree. LSA-R.S. 13:1706 (E). We do not find, however, that the Louisiana court was clearly an inappropriate forum and do not award Ms. Miller costs in the proceedings under § 1706 (G). We assess costs, however, to the respondent.
REVERSED AND RENDERED.