601 So.2d 371 (1992)
Dorothy Leigh Shadwick JONES
v.
James Thomas SHADWICK.
No. 92-CA-136.
Court of Appeal of Louisiana, Fifth Circuit.
May 26, 1992.
Leon C. Vial, III, Julie M. Burke, Hahnville, for defendants-appellants.
Inez F. Kerth, Harahan, for plaintiff-appellee.
Before BOWES, GAUDIN and GRISBAUM, JJ.
*372 GRISBAUM, Judge.
This appeal arises out of a child custody dispute wherein a jurisdictional conflict exists under the Uniform Child Custody Jurisdiction Act (UCCJA). We set aside and annul.
The threshold question presented is whether the trial court erred in its initial determination that it possessed jurisdiction.

FACTS AND BASIC PROCEDURAL HISTORY
The plaintiff-appellee, Dorothy Leigh Shadwick Jones, married the defendant-appellant, James Thomas Shadwick, for the second time on April 30, 1979 in the State of Texas. Of this marriage, two children were born, Matthew Chad Shadwick and April Dawn Shadwick. When Mr. Shadwick and Ms. Jones were divorced on January 31, 1983, Ms. Jones was awarded custody of the children. However, in 1987, after a hearing on the matter, the Texas court changed custody of the children to Mr. Shadwick, giving Ms. Jones liberal visitation rights.
During the summer of 1990, the children stayed with their mother pursuant to her agreement with Mr. Shadwick. From this point on, Ms. Jones and Mr. Shadwick offer differing versions of the events leading to the instant matter.
Ms. Jones contends that she sent the children back to Mr. Shadwick who, several days later, returned them to her, indicating that the children were going to thereafter live with her. She further contends that the children went to visit their father for six weeks during the summer of 1991. At that time, Mr. Shadwick indicated that he was going to keep the children. She then went to Texas and was able to retrieve April, while Matthew remained with his father. According to his version, Mr. Shadwick was offered a job promotion which required that he relocate to Fort Worth, Texas. He asked that the children remain with Ms. Jones until he was able to move and become settled at his new location. He then allowed the children to remain with their mother until he built a new home.
At any rate, in November 1990, Ms. Jones filed a Rule to Change Custody in the Louisiana district court, alleging that Mr. Shadwick had abandoned the children. The trial court, at that time, granted her provisional custody of the children. A hearing was held on the matter, and the trial court awarded Ms. Jones provisional custody of the children, subject to the visitation of Mr. Shadwick pending evaluation of the parties by a court-appointed psychologist.
At a second hearing held on October 17, 1991, the trial court heard evidence on Mr. Shadwick's Exception of Lack of Jurisdiction and also took the testimony of Dr. Alan Klein, the court-appointed evaluator. It then denied the exception and granted Ms. Jones sole custody of the children, subject to the visitation of Mr. Shadwick. Mr. Shadwick now appeals the trial court's denial of his Exception of Lack of Jurisdiction.

ANALYSIS
Mr. Shadwick contends that the Louisiana court lacked jurisdiction to hear the Rule to Change Custody filed by Ms. Jones. We agree.
The UCCJA, La.R.S. 13:1700 et seq., was adopted by this State by Acts 1978, No. 513. It was promulgated to avoid jurisdictional competition and conflict, promote interstate cooperation, litigate custody where the child and family have the closest connections and where significant evidence concerning the child is most readily available, discourage continuing conflict over custody, deter abductions and unilateral removals of children, avoid relitigation of another state's custody rulings, and promote the exchange of information and mutual assistance between different states. Gay v. Morrison, 511 So.2d 1173 (La.App. 4th Cir.1987), writ denied, 515 So.2d 1108 (La.1987).
Once the court of one state renders a custody decree, there are limited exceptions which permit another state to modify that decree. Specifically, the court which rendered the original judgment must no longer have jurisdiction, and the Louisiana *373 court must meet the jurisdictional requirement of La.R.S. 13:1702. Id. 511 So.2d at 1175. La.R.S. 13:1702 provides as follows:
A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or
(3) The child is physically present in this state and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
(4)(i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with Paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.
B. Except under Paragraphs (3) and (4) of Subsection A, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
C. Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.
With respect to the modification of a custody decree of another state, La.R.S. 13:1713, in pertinent part, provides:
A. If a court of another state has made a custody decree, a court of this state shall not modify that decree unless it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this Part or has declined to assume jurisdiction to modify the decree and the court of this state has jurisdiction.
Thus, as our jurisprudence indicates, before a Louisiana court may consider a modification of a foreign custody decree, there must exist an independent jurisdictional basis as provided by the UCCJA. Leigh v. Leigh, 457 So.2d 196 (La.App.2d Cir.1984). We, therefore, now turn to the facts.
The record reflects that a custody decree was rendered in favor of Mr. Shadwick in 1987 by the Texas court. In June 1990, the children went to stay with Ms. Jones, pursuant to her visitation rights under the Texas judgment. Thereafter, in November 1990, Ms. Jones filed a Rule to Change Custody of the children. We recognize that the children remained with Ms. Jones through the 1990-91 school year; however, at the time that the Rule to Change Custody was filed, Louisiana was not the home state of the children.
La.R.S. 13:1701(5) defines "home state" as:
the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period.
It is clear from the record that the children had not lived with Ms. Jones for six consecutive *374 months prior to the filing of her rule. Therefore, at that time, the trial court could not have exercised jurisdiction on that basis. Ergo, it was improper to give Ms. Jones provisional custody.
Ms. Jones contends, alternatively, that Mr. Shadwick abandoned the children and that the trial court had jurisdiction under La.R.S. 13:1702(A)(3)(i). The trial court made no finding of abandonment, and we find that the record simply does not support this conclusory allegation. Therefore, this provision does not confer jurisdiction to this State.
We now turn to Ms. Jones' contention that Mr. Shadwick submitted to the jurisdiction and waived his exception to the lack of personal jurisdiction. We disagree.
Our jurisprudence indicates that the jurisdictional limitations imposed by the UCCJA are equivalent to declarations of subject matter jurisdiction. Renno v. Evans, 580 So.2d 945 (La.App.2d Cir.1991); Counts v. Bracken, 494 So.2d 1275 (La. App.2d Cir.1986). Even consent of the parties cannot confer such jurisdiction and a judgment rendered by a court lacking proper legal power is void. Renno, supra, at 947; Fazio v. Fazio, 587 So.2d 91 (La. App.2d Cir.1991); La.C.C.P. art. 3. Thus, Ms. Jones' classification of the jurisdiction conferred by the UCCJA as personal jurisdiction is misplaced.
The objection to the lack of subject matter jurisdiction may be raised through the declinatory exception. La.C.C.P. art. 925. Importantly, that article provides that "[w]hen a defendant makes an appearance, all objections which may be raised through the declinatory exception, except the court's lack of jurisdiction over the subject matter of the action, are waived unless pleaded therein." (Emphasis added.) Thus, the exception to jurisdiction of a court over the subject matter of litigation cannot be waived and may be raised at any time, even by a court on its own motion. DeHaven v. DeHaven, 401 So.2d 418 (La. App. 1st Cir.1981).
We, therefore, find that Mr. Shadwick's filing of a Motion for Continuance did not constitute a submission to the jurisdiction of this State. Because of our previous determination that Louisiana lacked jurisdiction to hear this matter and in light of the well-settled principle that subject matter jurisdiction may not be waived, we conclude that Mr. Shadwick's Exception of Lack of Subject Matter Jurisdiction had merit. The trial court committed error in denying his exception.
For the reasons assigned, the trial court's judgment dated December 11, 1991 is hereby set aside and annulled. All costs of this appeal are to be assessed against the appellee.
SET ASIDE AND ANNULLED.