WATKINS, Judge.
This appeal presents the following question: when a Louisiana mother retains physical custody of her child following a visitation in Louisiana, should a Louisiana *811 court decline jurisdiction in an action seeking modification of its own previous decree that awarded custody to the child’s father in Texas? We conclude that the Louisiana court should have declined jurisdiction. The trial court, in rejecting defendant’s exception of inconvenient forum, failed to follow the spirit and the letter of the law, specifically LSA-E.S. 13:1706.
The statute provides in pertinent part:
A. A court which has jurisdiction under this Part (Uniform Child Custody Jurisdiction Law, LSA-R.S. 13:1700 et seq) to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.
[[Image here]]
C. In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:
(1) If another state is or recently was the child’s home state.
(2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants.
(3) If substantial evidence concerning the child’s present or future care, protection, training, and personal relationships is more readily available in another state.
The proceedings that preceded this appeal are not complicated. In 1987 the plaintiff Sherri Hary Hamp (now Sherri Hary Hamp Hancock) filed a petition for divorce and child custody in the 18th Judicial District Court for the Parish of Iber-ville, State of Louisiana. Counsel was appointed to represent the absentee husband and father, Charles Hamp. A judgment of divorce was rendered; Mr. Hamp, who was domiciled in Texas, was awarded custody of the minor child, Amanda Hamp. Although reasonable visitation with the mother was provided for, Amanda’s mother did not offer evidence to refute testimony given at the hearing of the exception that she rarely exercised visitation rights.
Since the 1987 judgment of divorce, the child has lived with her father, who in turn lived with his parents in New Braunfels, Comal County, Texas, except for short periods of time in which he was incarcerated. Amanda’s paternal grandmother, Joyce C. Hamp, had physical custody of her during the father’s temporary absences.
From 1987 until 1991, Texas was Amanda’s home state. Thus, the child and the custodial parent, along with the paternal grandmother, had a close connection with Texas and almost no connection with Louisiana, the domicile of her mother.
In June of 1991, a visitation was arranged for Amanda at her mother’s home in . Louisiana. Following that visitation Amanda’s mother filed the present action to modify custody. The defendant father filed an exception of inconvenient forum. After a hearing, the trial court ruled against the father, maintaining jurisdiction in the Louisiana court. The trial court granted defendant a stay order pending his appeal of the unfavorable ruling on his exception.
On appeal, Charles Hamp argues that his child, Amanda, was conceived, born, and baptised in Texas. Except for short periods of time immediately preceding the filing of petitions in the Louisiana court, Amanda has not been present physically in Louisiana. Instead, she has been provided a home and a community in the hometown of her paternal grandmother. At the time of the 1991 hearing, Amanda was pre-en-rolled for second grade in a public school in Texas, where she had attended kindergarten and first grade.
The above facts were testified to by Amanda’s father and grandmother. Their testimony was unrefuted. Nevertheless, the trial court overruled defendant’s exception, focusing on the fact that defendant had been incarcerated. Indeed, the fact that the parent with legal custody was incarcerated in the State of Texas is added reason for Louisiana to decline jurisdiction; *812 substantial evidence concerning the child’s present and future care and the child’s personal relationship with her father is more readily available in Texas than in Louisiana. LSA-R.S. 13:1706 C.(3).
For the Louisiana court to maintain jurisdiction under the circumstances presented by the instant case would be to contravene the purposes of the Uniform Child Custody Act. The legislation
seeks to avoid jurisdictional competition in conflicts, to promote interstate cooperation, to litigate custody where child and family have closest connections, to discourage continuing conflict over custody, to deter abduction and unilateral removal of children, to avoid re-litigation of another state’s custody decisions, and to promote exchange of information and other mutual assistance in custody matters by courts in different states. LSA-R.S. 13:1700....
Miller v. Miller, 463 So.2d 939, 940 (La.App. 2d Cir.1985).
Because we are of the opinion that the Louisiana court should have declined jurisdiction, it is necessary for us not only to reverse but to remand the case to the trial court for further orders consistent with our decision. The procedure to be followed when a Louisiana court declines jurisdiction in a child custody case is delineated in LSA-R.S. 13:1706, which provides in pertinent part:
E. If the court finds that it is an inconvenient forum and that a court of another state is a more appropriate forum, it may dismiss the proceedings, or it may stay the proceedings upon condition that a custody proceeding be promptly commenced in another named state or upon any other conditions which may be just and proper, including the condition that a moving party stipulate his consent and submission to the jurisdiction of the other forum.
* * * * * *
H. Upon dismissal or stay of proceedings under this Section the court shall inform the court found to be the more appropriate forum of this fact, or if the court which would have jurisdiction in the other state is not certainly known, shall transmit the information to the court administrator or other appropriate official for forwarding to the appropriate court.
Accordingly, we reverse the judgment of the trial court, we remand the case for further proceedings consistent with the views expressed herein, and we cast appel-lee for all costs of this appeal.
REVERSED AND REMANDED.