JjGREMILLION, Judge.
The plaintiffs, Kenneth and Debby Miller, appeal the trial court’s judgment sustaining the declinatory exception of lack of jurisdiction filed by the defendant, Brandi Harper, in their action to modify child custody. Finding that there was insufficient evidence to sustain the exception, we remand the matter for further proceedings.
FACTS
Brandi filed a petition for divorce against her husband, James Harper, in the Ninth Judicial District Court in Rapides Parish. Pursuant to that petition, a joint stipulation was entered into between the parties giving joint custody of their minor child, Taylor, to Brandi and the Millers,[1] with Brandi being named the domiciliary parent. Subsequently, Brandi moved to Las Vegas, Nevada, taking | ¡.Taylor with her. This led to the Millers’ custody petition. The Millers attempted unsuccessfully several times to serve Brandi via the long arm statute through the appointment of a private process server. In Arkansas, Brandi’s sister attempted unsuccessfully to adopt Taylor. As a result, the Millers were awarded temporary custody of Taylor. This matter was thereafter fixed for hearing on Brandi’s declinatory exception of lack of jurisdiction. Following the hearing, the trial court sustained the exception finding that Louisiana lacked jurisdiction to hear the matter. It further ordered the Millers to return Taylor to Brandi.
ISSUE
The Millers argue that the trial court erred in granting Brandi’s exception without requiring her to prove any of the allegations contained within her exception, and by refusing to allow them to put on evidence refuting her allegations.
DISCUSSION
In her exception, Brandi states that she has lived in Arizona for the past two years, that James has lived in Texas for the past several years and is presently moving to Oklahoma, and that Taylor had been temporarily placed in the care of Brandi’s sister in Arkansas. She claims she, James, and Taylor do not have a close connection with Louisiana, and that there is no evidence in Louisiana concerning Taylor’s care, protection, or training with either parent. Accordingly, she argues that the trial court lacks jurisdiction to hear the Millers’ custody petition.
In their August 7, 1996 petition, the Millers stated that they have had no contact or visitation with Taylor since February 29, 1996. They allege that Brandi has a long history of drug abuse, and that she is using and is addicted to controlled | ^dangerous substances. As a result, they, claim that she has subjected Taylor to violence and abuse. They further allege that Brandi has frequently moved from state to state and that she is incapable of financially supporting either Taylor or herself. Accordingly, they claim that she has not established a subsequent domicile pursuant to the Uniform Child Custody Jurisdiction Act (the UCCJA). Finally,’ the Millers allege that Brandi is romantically involved and residing with a man to whom she is not related. Based on these allegations, the Millers assert that it would be in Taylor’s best interest if they were named his domiciliary custodians. They state that James concurs in their request.
In sustaining the exception, the trial court held that Louisiana lacked jurisdiction to hear this matter, and that jurisdiction properly rested in the state where the abuse complained of had occurred. *644 The trial court did not allow the Millers to submit any evidence refuting Brandi’s allegations, but, rather, ruled after hearing argument from both sides. We find that the trial court’s failure to allow evidence at the hearing on the exception was error.
The jurisdictional limits of the UC-CJA have been held to be equivalent to subject matter jurisdiction. Jones v. Shadwick, 601 So.2d 371 (La.App. 2 Cir. 1992). If a lack of subject matter jurisdiction is not apparent on the face of the plaintiffs’ petition, then the onus is on the defendant to offer evidence in support of her exception. La.Code Civ.P. art. 930; Crockett v. State Through Public Safety and Corrections, 97-2528 (La.App. 1 Cir. 11/6/98); 721 So.2d 1081, writ denied, 98-2997 (La.1/29/99); 736 So.2d 838. Brandi failed to submit any evidence in support of her exception, and the trial court refused to allow the introduction of evidence by either 14party at the hearing on the exception. Thus, the trial court was restricted to the allegations of the petition, which for the purposes of the exception were to be accepted as true. Morrison v. H.B. Mitchell Const. Co., 369 So.2d 1102.
Accepting the allegations of the Millers’ petition as true, we find that the trial court erred in sustaining the exception of lack of subject matter jurisdiction. La.R.S. 13:1702(A) provides four jurisdictional bases pursuant to the UCCJA in Louisiana. They are as follows:
(1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child’s home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child’s present or future care, protection, training, and personal relationships; or
(3) The child is physically present in this state and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
(4)(i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with Paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.
Taking the allegations of the Millers’ petition as true, it alleges at least two and possibly three grounds for finding that Louisiana has jurisdiction over this matter. Those grounds are set out in La.R.S. 13:1702(A)(1), (3), and (4). Since there |swas no evidence presented by Brandi in support of her exception, the trial court erred in sustaining her exception of lack of jurisdiction. However, since the trial court refused to allow the introduction of any evidence, we reverse the judgment sustaining the exception and remand the matter so that an evidentiary hearing on the issue of jurisdiction can be conducted.
CONCLUSION
For the foregoing reasons, the judgment of the trial court sustaining the declinatory exception of lack of jurisdiction is vacated and the matter is remanded for further proceedings in accordance with this opinion. The costs of this matter are assessed to the defendant-appellee, Brandi Harper.
VACATED AND REMANDED.

. The Millers are James’ mother and step-lather.