472 So.2d 133 (1985)
Niels Christian NIELSEN
v.
Beverly Sue Riddle, wife of Niels Christian NIELSEN.
No. 85-CA-99.
Court of Appeal of Louisiana, Fifth Circuit.
June 3, 1985.
*134 Vezina & Associates, Nel F. Vezina, Gretna, for appellant.
Herman, Herman, Katz & Cotlar, Russ M. Herman, Steven J. Lane, New Orleans, for appellee.
Before CHEHARDY, BOWES and GAUDIN, JJ.
CHEHARDY, Judge.
In this appeal a divorced father seeks joint custody of his minor child. The only issue presently before us is whether Louisiana has continuing jurisdiction to determine custody of a child now domiciled in Texas.
Niels Christian Nielsen and Beverly Riddle Nielsen were divorced by decree of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, on December 16, 1981. Beverly Nielsen received permanent custody of their minor child, Niels Christian Nielsen IV. In January 1982 she and the child moved to Georgia. On February 25, 1982 they moved to Universal City, Texas, a suburb of San Antonio. They were living there at the time of the hearing from which this appeal arises.[1] Mr. Nielsen was a resident of Gretna, Louisiana, at the time of the divorce and still resides there.
Some subsequent proceedings took place thereafter in the Louisiana court concerning visitation rights. On July 29, 1983 Mr. Nielsen filed a petition for custody and, alternatively, for joint custody. Mrs. Nielsen responded with an exception of improper jurisdiction on the ground of inconvenient forum. She contended that because the child had resided in Texas for more than six months preceding the petition to change custody, under the Uniform Child Custody Jurisdiction Law (LSA-R.S. 13:1700 et seq.), Texas had become the more appropriate forum to determine custody.
After a hearing on January 6, 1984, the district court rendered judgment on January 10, 1984 in favor of Mrs. Nielsen, declining to exercise jurisdiction. Mr. Nielsen has appealed.
Mr. Nielsen contends that under the Uniform Child Custody Jurisdiction Act (UCCJA) and 28 U.S.C.A. § 1738A (the federal Parental Kidnapping Prevention Act, abbreviated herein as PKPA), "the most convenient forum is the forum which has exclusive continuing jurisdiction and that forum is the state of original jurisdiction." He argues that his own continuing residence in Louisiana satisfies the "significant connections" requirement of LSA-R.S. 13:1702 A(2). He asserts that Mrs. Nielsen's employment by a major air carrier and resulting free travel privileges allow her to "forum-shop," yet also give her easy access to Louisiana courts so that continuing jurisdiction in this state would not impose a hardship on her.
*135 Among the general purposes of the Uniform Child Custody Jurisdiction Law are to
"Promote cooperation with the courts of other states to the end that a custody decree is rendered in that state which can best decide the case in the interest of the child.
"Assure that litigation concerning the custody of a child takes place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and to assure that the courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state." LSA-R.S. 13:1700(A)(2) and (3).
Louisiana could be said to have jurisdiction over these proceedings pursuant to R.S. 13:1702 A(2):
"A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
* * * * * *
(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships * *."
In addition Louisiana has continuing jurisdiction over the proceedings pursuant to the PKPA, 28 U.S.C.A. § 1738A:
"(a) The appropriate authorities of every State shall enforce according to its terms, and shall not modify except as provided in subsection (f) of this section, any child custody determination made consistently with the provisions of this section by a court of another State.
* * * * * *
"(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if
(1) such court has jurisdiction under the law of such State; and
(2) one of the following conditions is met:
* * * * * *
"(E) the court has continuing jurisdiction pursuant to subsection (d) of this section.
(d) The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant."
Under LSA-R.S. 13:1706, however,
"A. A court which has jurisdiction under this Part to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.
* * * * * *
"C. In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:
(1) If another state is or recently was the child's home state.
(2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants.
(3) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state.
(4) If the parties have agreed on another forum which is no less appropriate, and

*136 (5) If the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in Section 1700."
Accordingly, we must review the evidence to determine whether the facts justify the district court's conclusion that Louisiana is an inconvenient forum.
Mrs. Nielsen testified that she owns the home in which she resides in Texas; that her child attends a nursery school in Texas; that she and her child are members of a church in Texas; and that the child's medical care is rendered in Texas. The child's maternal grandparents reside in Texas, about an hour's drive from her home. She states that the child was in Louisiana for only 17 days in 1982 and for 2 to 2½ months in 1983; these stays were during visitation with his father. The rest of the time the child has resided with her in Texas. Mrs. Nielsen no longer has business connections with Louisiana except for half-ownership of the house in which Mr. Nielsen lives, formerly part of their community property.
Mr. Nielsen testified that he lived in Louisiana at the time of their divorce and has lived here continuously since then. He testified that his son has made friends in Louisiana, has received medical treatment here, and has even attended school and church here. These things occurred during periods when the child was visiting him.
Mr. Nielsen cites Wachter v. Wachter, 439 So.2d 1260 (La.App. 5 Cir.1983) in support of his claims. That case is easily distinguishable, for it involved a parental kidnapping bringing children to Louisiana from New Jersey, their home state, and prior custody proceedings initiated in New Jersey. In that case we ruled that pursuant to the federal preemptive powers of the PKPA, the Louisiana court should have deferred to New Jersey's jurisdiction or at least should have consulted the New Jersey court to determine which was the more appropriate forum because the New Jersey proceeding was pending at the time the Louisiana proceeding was initiated.
Mr. Nielsen argues that because Louisiana has continuing jurisdiction under the provisions of the PKPA, the provisions of the UCCJA are preempted and any custody modification proceedings must take place in Louisiana.
We disagree. The purpose of the PKPA is to prevent the issuance of competing decrees in sister states. Louisiana does indeed have continuing jurisdiction under Section (d) of that statute but the statute does not mandate Louisiana to exercise that jurisdiction. Under our own law, specifically R.S. 13:1706, we may decline jurisdiction if we find our state to be an inappropriate forum. 28 U.S.C.A. § 1738A(d) would be more applicable to this situation had proceedings been initiated in Texas. Then the Texas court would be compelled under the federal law to enforce any custody determination made by the Louisiana court that issued the initial decree unless the Louisiana court had declined jurisdiction.
The circumstances in this case clearly satisfy the requirements of R.S. 13:1706 C. Texas unquestionably is now the child's home state;[2] Texas plainly now has a closer connection with the child and his mother; substantial evidence concerning the child is more readily available in Texas; and exercise of jurisdiction by Louisiana would contravene the purposes stated in R.S. 13:1700 A(2) and (3). Accordingly, we find no error in the district court's ruling.
For the foregoing reasons, the judgment of the district court is affirmed.
AFFIRMED.
NOTES
[1] We do not consider Mr. Nielsen's allegation that Mrs. Nielsen recently moved back to Georgia; it is not in evidence.
[2] "(5) `Home state' means the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old the state in which the child lived from birth with any of the persons mentioned. * * *" LSA-R.S. 13:1701.