COOKS, Judge.
Plaintiff, Kemp Dubea, appeals a judgment of the trial court in favor of Elizabeth Dubea, granting her declinatory exceptions in his suit for divorce and modification of custody.
Kemp and Elizabeth Dubea were married in 1978 and established their matrimonial domicile in Avoyelles Parish. On August 25, 1987, Mr. Dubea filed for separation from bed and board. On October 5, 1989, Mrs. Dubea filed a reconventional demand and alleged mental and physical cruelty on the part of her husband extreme enough for her to take their two minor children to Florida to live with her parents. On December 12, 1989, a custody judgment in favor of Mrs. Dubea was signed, but no visitation schedule was issued.
A judgment later approving visitation rights for Mr. Dubea was signed on March 8, 1990. The judgment took into account the fact that the children were residing in Florida with their mother and would continue to reside there. Mr. Dubea specifically agreed to the visitation dates. On July 20, 1990, a judgment of separation was signed reasserting the foregoing custody judgment.
The children were allowed to visit with Mr. Dubea that summer in accordance with the judgment. However, when the day came for their return to Mrs. Dubea, the father refused to send them. Mrs. Dubea was compelled to travel to Louisiana and to seek the help of local law enforcement authorities to have the children returned to her custody. Following this incident, Mr. Dubea filed suit in Louisiana seeking a change of custody. An ex parte order was signed by Judge Michael Johnson, granting him temporary custody.
Mr. Dubea then went to Florida and. sought to have the judgment enforced by the authorities there. He also filed a temporary injunction and restraining order in the Circuit Court of the Seventeenth Judicial Circuit, in Broward County, Florida. The Florida authorities refused to enforce the custody order because it was obtained through misrepresentations to the Louisiana trial judge. In response to the pleadings filed in the Florida court, Mrs. Dubea filed a motion on August 31, 1990 for temporary custody and a Counter-Petition for dissolution of the marriage with a plea for sole custody of the children.
Mr. Dubea returned to Louisiana and filed the current suit for absolute divorce and for custody on September 9, 1990. Mrs. Dubea filed declinatory exceptions of lis pendens in the divorce proceedings and lack of venue and jurisdiction in the child custody matter. The trial judge heard the exceptions on February 15, 1991, and judgment was signed in favor of Mrs. Dubea.
The error assigned by appellant to the trial judge’s actions is the granting of Mrs. Dubea’s declinatory exception for lack of jurisdiction. He asserts such a granting is in clear contravention of the laws of Louisiana and the Uniform Child Custody Jurisdiction Act.
This assignment of error is made confusing by the lack of a specific ruling by the trial judge. Mrs. Dubea filed two exceptions, one relating to lis pendens and one to jurisdiction. The judgment grants the exceptions without reference to particulars. The transcript of the hearing reveals the *1196 trial judge clearly found lis pendens applicable to both the divorce and custody proceedings.
Louisiana Code of Civil Procedure, Article 532, prior to its amendment by Acts 1990, provided:
“When a suit is brought in a Louisiana Court while another is pending in a court of another state or of the United States on the same cause of action, between the same parties in the same capacities, and having the same object, on motion of the defendant or on its own motion, the court may stay all proceedings in the second suit until the first has been discontinued or final judgment has been rendered.”
The trial judge noted the actions for divorce and custody were squarely before the Florida Court as a consequence of Mr. Dubea’s initial submission of pleadings in that jurisdiction followed by Mrs. Dubea’s Counter-Petition for divorce and custody. However, after making these findings, the trial judge failed to further address the issue of jurisdiction.
Before reviewing the trial judge’s ruling for error, we will consider the peremptory exception of res judicata raised on appeal by Mrs. Dubea. Under the authority of Louisiana Civil Code of Procedure, Article 2163, an appellate court may consider a peremptory exception filed for the first time on appeal.
A judgment was rendered in the case captioned “In Re: The Marriage of: Kemp M. Dubea, and Elizabeth Backus Dubea” in the circuit court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Family Division, bearing Case No. 90-24815(15). A final judgment of dissolution of marriage was signed October 17, 1991 and a certified copy was made part of the exception.
The trial judge stayed the Louisiana divorce proceedings pending the outcome of the Florida proceedings. La.R.S. 13:4231 states in pertinent part:
“Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or the direct review, to the following extent:
* * ⅜ sjt sfc *
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action[.]”
The divorce proceedings in Florida and Louisiana are identical in allegations and requests for relief and accordingly we find res judicata applies. However, we recognize that under La.R.S. 13:4231, res judica-ta applies only to the divorce action, as it was the only action actually adjudicated.
Because we find res judicata bars the Louisiana divorce proceedings, we need not address whether or not lis pendens is applicable in regards to the divorce pleading filed by Mr. Dubea.
We consider next whether or not Louisiana has jurisdiction to modify its earlier custody decree. The trial judge did not specifically address this issue. We find it necessary to do so in our consideration of appellant’s single assignment of error.
First, it is incumbent upon this court to examine the strength of Louisiana’s jurisdictional ties. The Uniform Child Custody Jurisdiction Act (UCCJA) was adopted by Louisiana and codified as La.R.S. 13:1702. It states in pertinent part:
“A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child’s home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(2) It is in the best interest of the child that a court of this state assume jurisdic *1197 tion because (1) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child’s present or future care, protection, training, and personal relationships[.]”
Louisiana is not the home state as contemplated by the statute. The children lived with their mother in Florida before the initial filing for separation in August 1989. The original custody decree recognized that the children lived in Florida, as did the judgment of visitation.
. Also, the significant connection factors mentioned in the second standard are not present in this State. The children are currently living in Florida with their mother. Mrs. Dubea has significant family ties to that State. The children, at the time of this suit, were entering their second year of school there. Their only connection to Louisiana is the presence of their father and the initial custody decree. The only time they are physically present in Louisiana is in accordance with the visitation rights allowed Mr. Dubea. Thus, under the requirements of the foregoing statute, Florida and not Louisiana, has ties sufficient for jurisdiction. These jurisdictional ties were challenged in Mrs. Dubea’s exception of lack of jurisdiction, but the trial judge stated in his reasons, “[n]ot that it relates to my decision, but with the sudden divisions that have come up, it would seem to me that Florida is probably a better place to try the merits of this thing in any event.” Therefore, we are unable to determine whether the trial judge visited the issue of jurisdiction in deciding to grant Mrs. Dubea’s declinatory exceptions.
Mrs. Dubea’s exception of jurisdiction was sufficient to call the trial judge’s attention to the competing interests of the two forums.
As stated in La.C.C.P. art. 2164, this court “shall render any judgment which is just, legal, and proper upon the record on appeal.” We have all the facts before us, including records from all of the previous Louisiana and Florida filings. We also recognize the purpose of the UCCJA is to avoid jurisdictional disputes with other states and to insure that, in determining which state is best suited for litigating custody, the best interest of the child is the paramount concern. See, Moore v. Moore, 379 So.2d 1153 (La.App. 2 Cir.1980); Miller v. Miller, 463 So.2d 939 (La.App. 2 Cir.1985). La.R.S. 13:1706 mandates that:
“A. A court which has jurisdiction under this Part to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.”
La.R.S. 13:1706(C) lists certain factors to consider in determining whether or not the best interests of the children are served by allowing another state to assume jurisdiction. These factors are highly dispositive of the current issue. The factors are:
“(1) If another state is or recently was the child’s home state.
(2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants.
(3) If substantial evidence concerning the child’s present or future care, protection, training, and personal relationships is more available in another state.
(4) If the parties have agreed on another forum which is no less appropriate, and
(5) If the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in section 1700.”
Given these factors, Florida is the best forum for the resolution of the custody dispute. We stated previously that Florida has met the home state and significant connections test. Mr. Dubea cannot complain about Florida as an inconvenient forum, as it is his suit in the Florida courts that predates the one presently being considered.
Accordingly, we find it in the best interest of the children that Louisiana decline jurisdiction in the custody matter. Nielsen v. Nielsen, 472 So.2d 133 (La.App. 5 Cir.1985). While this state may have held ini *1198 tial jurisdiction, its ties have been substantially weakened, and we think it unjust to require the children to be bound to a state that they no longer call home. La.R.S. 13:1706(E) gives the court the option of dismissing or staying the proceedings. To avoid possible relitigation of the custody claim, we order that Mr. Dubea’s suit be dismissed.
For the foregoing reasons, we affirm the trial court’s ruling granting the declinatory exception filed by Mrs. Dubea in response to Mr. Dubea’s suit to modify custody, but affirm for jurisdictional reasons. Thus, we amend the trial court’s judgment to dismiss Mr. Dubea’s action for custody. We further render judgment in favor of Mrs. Du-bea, granting her exception of res judicata and dismissing that portion of the suit regarding the divorce. Appellant is to pay all costs of this proceeding.
AFFIRMED IN PART, AMENDED IN PART, AND RENDERED.